UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 10-40401-LMK

**ROBERT C. WALLERIUS**                                   **CHAPTER 11**

**Debtor**

_____/

## MOTION FOR LEAVE TO HIRE COUNSEL FOR WEALTHBRIDGE MORTGAGE MOTION FOR RELIEF FROM THE STAY AGAINST 57 AVENUE C; HALEDON, NJ AND 341 HICKORY STREET; WASHINGTON TOWNSHIP PROPERTY

Robert C. Wallerius, Debtor Pro Se, and moves the Court for an adjournment of the July 26, 2010 hearing, in order to have reasonable time to hire counsel before the Automatic Stay expires at the end of August 2010.

After requesting an adjournment earlier last week, Roy Diaz, counsel for the Plaintiff Wealthbridge Mortgage notified Debtor this past Friday, July 23, 2010 in the late afternoon that he would not only not honor Debtor's request for an adjournment and refused to consider a workout whereby the mortgage would be modified or restructured. Paragraph 13 of the Weathbridge Mortgage Motion For Relief states:

> "CREDITOR further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Creditor may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement."

Before filing Chapter 11, Debtor spoke to Wealthbridge Mortgage directly in an effort to enter into a workout. Debtor was bluntly told he would not be granted the privilege of a workout and should file for Chapter 11. Debtor was told by Wealthbridge, after the Chapter 11 estate matured about six months and exhibited the ability to accumulate cash, they might consider a workout.

As repeated here and originally stated in the Debtor's Answers To Wealthbridge Motion For Relief:

> For knowledge of the court and creditors, the main reason the mortgage fell behind in the recent years was the complete disability of the debtor caused by spinal injuries suffered an auto accident while returning from a business trip. Because Debtor's auto insurer at the time, AIG denied coverage in a jurisdictional battle, the debtor was prevented coverage for mandatory corrective surgeries and forced to file suit in NYC.

> To control the pain during the interim periods, the debtor was prescribed morphine sulfate and other narcotic pain medicines rendering him mentally incapable of work. January 1, 2010 the debtor became eligible and enrolled in Medicare Blue Cross/Blue Shield of Florida and

has set a schedule of surgeries enabling the debtor to return to full time employment during September.

Debtor has nearly tripled his household income since returning to work two months ago. The last of nearly 15 spinal procedures over the past years is being performed on the Debtor during August and should allow complete freedom of movement and mobility. Travel is necessary for the Debtor to succeed in his California based business. Other than the pending Wealthbridge matters, the Chapter 11 Estate has little complications in delivering an on-time Plan of Reorganization and Disclosure Statement prior to the expiration of the 120 day Automatic Stay at the end of August 2010. The Wealthbridge matter is the nucleus of the relief required by the Debtor while debtor returns to full-time executive employment in less than 60 days enabling satisfaction of a monthly payment to Wealthbridge mortgage as provided for in the forthcoming Plan of reorganization and Disclosure Statement.

Debtor's Plan of reorganization includes assistance payments for theWealthbridge mortgages from family members occupying both properties. The assistance in paying the mortgages is resulting from Debtor's family members being re-employed in the family business in California already well on the road to recovery and success in the short period of time Debtor has been back to work part-time.

Debtor needs to retain an experienced attorney in foreclosure matters to examine what Debtor believes are predatory loans that artificially deflated the equity in the two properties (that were not severely affected by devaluation in the real estate market because of the suburban locations in New Jersey where real estate demand exceeds the supply) and to assert defenses to the foreclosures based on the lending practices to which Debtor was subjected. Both properties are in good upkeep and Plaintiff has adequate protection and insurance protection on both properties. Debtor truly believes that discovery will produce evidence of the fraud and deceptive business practices of the underwriting broker for the lender both of whom have lost their license in Massachusetts and has a litany of consumer complaints mirroring those of the Debtor seeking significant adjustments in the amount owed and the rates charged. Lender refused to accept payment from Debtor and caused the defaults to trigger a rate in excess of 18% after promising the Debtor rate reductions after the third payment. Local Tallahassee attorney Eric Haugdahl was referred to me by Legal Services of North Florida. We have been in contact but Mr. Haugdahl was on vacation until last week. Please see attached Exhibit A from Florida legal Services.

**WHEREFORE,** Debtor prays the Court will continue the Federal Bankruptcy Stay until Debtor has reasonable time (no more than 30 days) to retain an experienced attorney in foreclosure matters to examine the matters described above, namely Tallahassee attorney Eric Haugdahl.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing ANSWERS TO WEALTHBRIDGE MORTGAGE MOTION FOR RELIEF FROM THE STAY AGAINST 57 AVENUE C AND 341 HICKORY STREET PROPERTIES has been served by U.S. mail, postage prepaid on the Creditor, the United States Trustee, and all parties in interest pursuant to Bankruptcy Rule 1007(d) this 26th Day of July, 2010.

Respectfully,

ROBERT C. WALLERIUS, Debtor
3084 McCord Boulevard
Tallahassee, FL 32303-1715
Phone: 850.692.3744
Fax: 850.692.3740
eMail: robertwallerius@prodigy.net

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on this 26th day of July 2010, I served copy of the foregoing via US first class mail upon:

Roy A. Diaz, Esquire
SMITH, HIATT & DIAZ, P.A.
Attorney for Creditor
PO BOX 1143.8
Fort Lauderdale, FL 33339-1438

OFFICE OF THE UNITED STATES TRUSTEE
Jason H. Egan, Esquire
110 East Park Avenue
Tallahassee, FL 32301

All interested parties on the attached matrix pursuant to Local Rule 1007(d).

ROBERT C. WALLERIUS
Pro se debtor

3084 McCord Boulevard
Tallahassee, FL 32303-1715
Phone: 850.692.3744
Fax: 850.692.3740
*e*Mail: robertwallerius@prodigy.net


YAHOO!® MAIL Classic

**RE: Wallerius Etal-Wealthbridge Mortgage 7/26-Motions for Relief**  Friday, July 23, 2010 5:09 PM
**From:** "Roy Diaz" <Rdiaz@smith-hiatt.com>
**To:** robertwallerius@prodigy.net
**Cc:** "Jocelyn Rios" <JRios@smith-hiatt.com>

Mr. Wallerius:

I received your voicemail message today. As you know I was out of the office this week.

I must respectfully decline your request for an agreed extension to the motion for relief. The history of the loans prevent us from agreeing to any further delay.

As you know each of the loans were executed in mid 2006. Each of the loans were cash refinance loans resulting in cash payouts exceeding $43,000.00 in total. You immediately defaulted under both loans. One of the loans was a second payment default and the other was a third payment default. Accordingly, you received the over $43,000.00 cash from two loans and *immediately* ceased making payments. As a result the loans are due for the October and November 2006 payments and are now almost four years in default.

Based on the foregoing, together with (i) your published financial status and (ii) the decline of property value, there is virtually no modification or agreement that can be reached. However in the extremely unlikely event one can be reached you would have the opportunity to do so in the foreclosure case.

Based on the foregoing we will proceed with the motion as scheduled.

**ROY A. DIAZ**
Smith, Hiatt & Diaz, P.A.
2691 E. Oakland Park Blvd. #303
Fort Lauderdale, Florida 33306
Telephone: (954) 564-2050 xt117
Facsimile: (954) 564-9252

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by return e-mail. *Please be advised that a portion of our practice involves the collection of debt. Any information obtained during this communication may be used for that purpose.*

**From:** Robert Wallerius [mailto:robertwallerius@prodigy.net]
**Sent:** Wednesday, July 21, 2010 2:40 PM
**To:** Roy Diaz
**Cc:** EsquireJason Egan
**Subject:** Wallerius Etal-Wealthbridge Mortgage 7/26-Motions for Relief

<u>**REQUEST FOR ADJOURNMENT PENDING REVIEW OF MODIFICATION PROPOSAL**</u>

<u>**VIA EMAIL FAX & REGULAR MAIL**</u>

**Case#10-40401-LMK**

**Robert C. Wallerius**
**3084 McCord Boulevard**
**Tallahassee, FL 32303**

Good afternoon Mr. Diaz. My name is Robert Wallerius and I am Pro Se debtor in the above referenced Chapter 11 case in Tallahassee. While answering your Motions For Relief and reaching paragraph 13, I was delighted to find your firm and Wealthbridge provided an open door to mediate a settlement of my two mortgages and get back on a payment plan. Here are the issues requiring consideration in resolving the matter:

1. There are two Wealthbridge Mortgages in my Chapter 11. a) 57 Avenue C; Haledon, NJ 07508 (a property co-owned and occupied by my 82 yr old Mom, Virginia Wallerius) and b) 341 Hickory Street; Washington Township, NJ 07676.
2. My parents were first approached by Castlepoint, the broker offering a mortgage to my dad on his death bed which closed in 2005. My dad was 80 and terminal yet Castlepoint gave him a mortgage at a high rate with a promise to drop the rate to a low rate. Dad died about one month after the closing of the subject mortgage. Mom had no idea all her income was cut in half when he died and was dependent on a forthcoming US Army pension. Dad was a WWII veteran and due his active duty army pension able to pay most of the principal borrowed. They lost his records and Mom almost has closure with hopes of an early 2011 lump sum from Uncle Sam. At the time of closing 341 Hickory Street mortgage just after my complete disability from a 3/17/2005 high speed auto accident, castlepoint made the same promises of low interest as made to my Mom and Dad a few months earlier.
3. In short, these are highly predatory loans and if you and your client allow me to submit a payment plan in concert with my plan of reorganization, I will be willing to deliver a proposal in two weeks when i will be in a much better position to do so. I have been uninsured since 2005 because of a jurisdictional dispute surrounding my forthcoming personal injury case. I fought with SSA-DI until late 2008 when I was awarded SSA-DI and medicare. I have been in and out of more than a dozen spinal surgeries since my medicare kicked in 1/1/2009. After several years of surgeries and rehabilitation in February 2010 a miraculous spinal surgery was performed on me and I was removed from my daily morphine sulfate pain relief diet of years. it was a dark period of many unproductive years.
4. I have returned to work training as an executive on a trial basis and working from home. Each week I improve my job skills and prepare for full time employment in October.
5. I am scheduled for my final tests and spinal surgeries next week and continuing through early September.

In conjunction with my re-employment, a meeting was scheduled for 3PM Monday and will conflict with the schedule hearing of your client's Motion for Relief. Would you consent to an adjournment allowing me to seize the moment of an opportunity to quickly increase my income potentially and thereby affecting my modification proposal to you? If you would be so kind as to forward any materials required by the lender to submit my proposal? You could email scan or fax to me at: 850.692.3740.

Thank you Sir for your hopeful kind courtesies. Time will heal this wound. Please help me.

EXHIBIT A



# Legal Services
## of NORTH FLORIDA
HOPE. JUSTICE. FOR ALL.

www.lsnf.org

LSC

June 15, 2010

Mr. Robert Wallerius
3084 McCord
Tallahassee, Florida 32303

Dear Mr. Wallerius:

Recently you submitted an application for services to Legal Services of North Florida. Your case was presented to the Case Acceptance Committee on June 2, 2009 to determine if this program would represent you in a legal matter. Regrettably, because you do not meet our financial eligibility requirements, we are unable to provide the assistance you requested.

**Nevertheless, we wish to offer you the following advice:** We suggest you contact Michael Gold at 850.656.3060 or Eric Haugdahl at 850.878.0215.

Sincerely,

Marc Taps
Staff Attorney

MET/kj

---

**HOME OFFICE**
☐ 2119 DELTA BOULEVARD
TALLAHASSEE, FL 32303-4220
850-385-9007 • FAX 850-385-7603
ADMINISTRATIVE FAX 850-205-6540
DEVELOPMENT FAX 850-385-5684

**BRANCH OFFICES**
☐ 121 NORTH JACKSON STREET
QUINCY, FL 32351-2316
850-875-9881 • FAX 850-875-2008

☐ 211 EAST 11TH STREET
PANAMA CITY, FL 32401-2938
850-769-3581 • FAX 850-785-2041

☐ 133 STAFF DRIVE, SUITE B
FT. WALTON BEACH, FL 32548-5050
850-862-3279 • FAX 850-862-6327

☐ 118 SOUTH BAYLEN STREET
PENSACOLA, FL 32502-5810
850-432-8222 • FAX 850-432-2329