**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

In re:

Robert C. Wallerius,                                         Case No.: 10-bk-40401-LMK

    Debtor.                                                     Chapter 11

_____/

**RESPONSE OF THE RESOURCE MANAGEMENT GROUPS, INC.**
**TO DEBTOR'S OBJECTION TO CLAIM NUMBER 8 (DOCKET # 92)**

THE RESOURCE MANAGEMENT GROUPS, INC. ("RMG"), by and through its undersigned counsel, hereby responds to Debtor's Objection to Claim Number 8 ("the claim"), and in support thereof avers as follows:

1. The Debtor filed "Notice of Motion for Order Expunging Specified Filed Proofs of Claim (Docket No. 92).

2. RMG filed a timely, general unsecured claim with supporting documentation that was designated as Claim Number 8 on the Court's Claims Register.  RMG's claim is based on the amount due under a final judgment, attached to the Proof of Claim.

3. Pursuant to 11 U.S.C. § 502, a proof of claim is deemed allowed unless a party in interest objects.  Upon objection and after notice and hearing, the court shall allow the claim except to the extent that the claim is unenforceable against the debtor.  *See* 11 U.S.C. §502(b)(1).

4. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim filed in accordance with the rules shall constitute *prima facie* evidence of the validity and amount of the claim.  Claim 8 was filed in accordance with the rules and is therefore *prima facie* valid.

5. The burden of proof is now on the objecting party to produce evidence "equivalent in

probative value to that of the creditor to rebut the *prima facie* effect of the proof of claim." *See In re VTN, Inc.,* 69 B.R. 1005 (Bankr. S.D. Fla. 1987), citing *In re DeLorean Motor Co. Litigation,* 59 B.R. 329 (Bankr. E.D. Mich. 1986).

6. Only if the objecting party provides substantive evidence will he succeed in overcoming the *prima facie* effect of the claim as outlined in Fed. R. Bankr. P. 3001(f). Only after overcoming the *prima facie* effect of the Proof of Claim does the burden of going forward shift to the Claimant to prove the validity of the claims by a preponderance of the evidence. *See Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992).

7. The Debtor's Motion contains no evidence (or reference to any evidence) that would contradict the *prima facie* effect of the claim.

**WHEREFORE,** RMG respectfully requests that the Motion to Expunge as to the Claim of RMG be denied and that the claim be allowed as filed.

**Thrasher & Heckman, P.A.**
*Attorneys for Creditor*

By:   /s/ Chad D. Heckman
Florida Bar No. 0526029
908 North Gadsden Street
Tallahassee, Florida 32303-6316
Voice: (850) 224-8685
Fax:  (850) 224-1254
Email:  chad@thrasherandheckman.com
Web: www.thrasherandheckman.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that copies of the foregoing were served by electronic means or first class U.S. mail to: Robert Charles Wallerius, 3084 McCord Blvd, Tallahassee, FL 32303, Debtor and Jason H. Egan, Esq. 110 E. Park Avenue, Ste. 128, Tallahassee, FL 32301, Office of the U.S. Trustee, on this 5th day of January, 2011.

/s/ Chad D. Heckman
Attorney