UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 10-40401-LMK

**ROBERT C. WALLERIUS**                                CHAPTER 11

Debtor

_____/

## ANSWERS TO MOTION TO DISMISS

COMES NOW, Robert C. Wallerius, debtor pro se submitting the following answers in support of continuing the Bankruptcy Stay providing the best possibilities of a successful an equitable plan of reorganization to be delivered to this Court:

1. Admitted.
2. Denied. Claims submitted to USBC in both case#07-40211 and #10-40401 contain claims with signatures found to be non-genuine by a forensic handwriting expert approved by Your Honor. Your Honor ordered the claims adjudged by the courts of New Jersey and Massachusetts. Debtor has submitted application to the court approving NJ counsel to litigate and begin after a reasonable period of time to review records and consult with prior counsel.
3. Admitted.
4. Admitted. I was recovering from major shoulder, rotator cuff and bicep surgery. I appeared at court with the documents the very day the order had already been issued. I was informed during an in-person meeting with Jason Egan, Esquire of the Office of the US Trustee, the purpose of which was to explain why I was late and let him see me for him to witness my physical condition after the surgery.
5. Admitted.
6. Denied. Debtor has capability of earning sufficient income to fund his plan of reorganization from royalties based on sales and marketing. Provided Debtor works weekly, he will earn no less than monthly as proved throughout the previous months. Claims submitted to USBC in both case#07-40211 and #10-40401 contain claims with signatures found to be non-genuine by a forensic handwriting expert approved by Your Honor. Your Honor ordered the claims adjudged by the courts of New Jersey and Massachusetts. Debtor has submitted application to the court approving NJ counsel to litigate and begin after a reasonable period of time to review records and consult with prior counsel.
7. Denied.
8. Admitted. Mark Freund sent me a long letter outlining the many actions I needed to take immediately, most importantly, attracting and procuring counsel in New Jersey to wind up the case and have judgments set aside. It took two months to collect records stored in various locations in New Jersey, CA and Florida. It took weeks to organize case documents dating back to 1990, put them in order and sort into a relevant timeline, with a purpose of attracting New Jersey counsel. I was successful and submitted to Your Honor an Application for Joshua Denbeaux of New Jersey to be approved to represent me.
9. Admitted as to not filing additional pleadings prior to this date, but deny not filing monthly reports.
10. Admitted. The mortgage loans for both properties were underwritten by the same lender. Both mortgage loans were found to be flawed and the 341 Hickory Street property loan, illegal, violating federal consumer protection acts. With the approval of Your Honor, Joshua Denbeaux of Westwood, NJ based law firm of

1

Denbeaux & Denbeaux specializing in mortgage foreclosure issues has agreed to file a complaint in New Jersey Superior Court-Law Division based on a contingency fee agreement.

11. Admitted.
12. Admitted, but almost all of the unsecured claims are fraudulent. Claims submitted to USBC in both case#07-40211 and #10-40401 contain claims with signatures found to be non-genuine by a forensic handwriting expert approved by Your Honor. Your Honor ordered the claims adjudged by the courts of New Jersey and Massachusetts. Debtor has submitted application to the court approving NJ counsel to litigate and begin after a reasonable period of time to review records and consult with prior counsel.
13. Admitted, but almost all of the unsecured claims are fraudulent. Claims submitted to USBC in both case#07-40211 and #10-40401 contain claims with signatures found to be non-genuine by a forensic handwriting expert approved by Your Honor. Your Honor ordered the claims adjudged by the courts of New Jersey and Massachusetts. Debtor has submitted application to the court approving NJ counsel to litigate and begin after a reasonable period of time to review records and consult with prior counsel.
14. Admitted, proving there were no amounts owed to the Trust by Debtor or they would be additional assets on the date.
15. Denied. No supporting current documents supporting the claim have been provided to Debtor other than an email from James Norton to Debtor giving rise to knowledge $1,000,000 was recently received by the trust. Debtor believes the sole reason the Creditors have made a Motion to Dismiss is to quickly distribute all the funds to Mr. Norton before I have a chance to resume the New Jersey litigation against the Trustee and Mr. Norton and his wholly owned lending companies that engineered the entire scheme to steal Debtor's interest away while he was in a morphine drug haze to control the extreme pain before he was able to be insured and undergo 16 corrective surgeries.
16. Denied, discovery during the New Jersey litigation provided proof Mr. Norton, not Mr. Moran created the Trust. During 2000, Mr. Moran borrowed $500,000 unsecured from Mr. Norton and later relinquished fiduciary control of the Trust to Mr. Norton who contrived a plan to pay himself back Mr. Moran's borrowings and subsequently proceeded to implement a pre-meditated, well-thought, well-timed plan to steal the Debtor's 55% interest in the Trust and then try to have the US Bankruptcy Court provide further privileges to cannibalize any remaining assets of the Chapter 11 estate. Claims submitted to USBC in both case#07-40211 and #10-40401 contain claims with signatures found to be non-genuine by a forensic handwriting expert approved by Your Honor. Your Honor ordered the claims adjudged by the courts of New Jersey and Massachusetts. Debtor has submitted application to the court approving NJ counsel to litigate and begin after a reasonable period of time to review records and consult with prior counsel.
17. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.
18. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.
19. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.
20. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.
21. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.
22. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.
23. Admitted.
24. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.
25. Denied. The all of the documents involved in the Stafford Real Estate Trust are now in question as a result of the findings of the forensic handwriting expert approved by Your Honor.

26. Admitted. The New Jersey cases were stayed for several periods of time and new evidence of additional fraud has been discovered by Debtor. I submitted to Your Honor an Application for Joshua Denbeaux of New Jersey to be approved to represent me and have the New Jersey Courts decide the issues. Debtor was financially, physically and mentally incapable of defending himself as Plaintiff since 2007 when his former counsel was barred from further representation by a third party suit filed by Mr. Norton with the sole purpose of disrupting Debtor's ability to continue to prosecute on his own while crippled and in a prescription drug haze from morphine based pain medication to control the pain.
27. Admitted. The New Jersey cases were stayed for several periods of time and new evidence of additional fraud has been discovered by Debtor. I submitted to Your Honor an Application for Joshua Denbeaux of New Jersey to be approved to represent me and have the New Jersey Courts decide the issues. Debtor was financially, physically and mentally incapable of defending himself as Plaintiff since 2007 when his former counsel was barred from further representation by a third party suit filed by Mr. Norton with the sole purpose of disrupting Debtor's ability to continue to prosecute on his own while crippled and in a prescription drug haze from morphine based pain medication to control the pain.
28. Admitted. The New Jersey cases were stayed for several periods of time and new evidence of additional fraud has been discovered by Debtor. I submitted to Your Honor an Application for Joshua Denbeaux of New Jersey to be approved to represent me and have the New Jersey Courts decide the issues. Debtor was financially, physically and mentally incapable of defending himself as Plaintiff since 2007 when his former counsel was barred from further representation by a third party suit filed by Mr. Norton with the sole purpose of disrupting Debtor's ability to continue to prosecute on his own while crippled and in a prescription drug haze from morphine based pain medication to control the pain.
29. Denied. Using Creditors' numbers provided in the Motion To Dismiss and removing the fraudulent claims including "Moran Advances for Trust expenses" without documentation or filing a claim with the instant court, there is $1,722,700.
30. Admitted.
31. Denied. Creditors' filed fraudulent claims and have no "cause".
32. Denied. Creditors' filed fraudulent claims and have no "cause".
33. Admitted. In following prerequisites provided by counsel before considering appearance, it took until this past week to come to agreements with outside counsel in other jurisdictions.
34. Admitted, however, the physical organization and planning required meeting the prerequisites of Mr. Freund before he will considering entering as counsel, took Debtor until last week. Mr. Freund failed to provide Debtor with new contact information subsequent to leaving The Igler-Dougherty law firm in Tampa. FL. Debtors' only current means of contacting Mr. Freund has been by email and he does not always respond quickly. For the past several days Debtor has contacted Mr. Freund by email asking him to call me so he can review my accomplishments and provide terms of his engagement to begin immediately.
35. Admitted, however, the physical organization and planning required meeting the prerequisites of Mr. Freund before he will considering entering as counsel, took Debtor until last week. Mr. Freund failed to provide Debtor with new contact information subsequent to leaving The Igler-Dougherty law firm in Tampa. FL. Debtors' only current means of contacting Mr. Freund has been by email and he does not always respond quickly. For the past several days Debtor has contacted Mr. Freund by email asking him to call me so he can review my accomplishments and provide terms of his engagement to begin immediately.
36. Admitted.
37. Denied.
38. Admitted. Debtors' reason for requesting the stay to continue is to protect the $1 million in the Trust bank account. Debtor is professionally incapable of representing himself Pro Se in New Jersey because there are four experienced firms representing the interests of Creditors. Debtor Pro Se in New Jersey isn't physically capable any longer of continuous travel. Debtor is begging this court to continue the stay and approve New Jersey Attorney Joshua Denbeaux to immediately protect Debtor's Chapter 11 estate and

rightful creditors before $ 1 million of cash rightfully belonging to Debtor's Chapter 11 estate is distributed to Creditors'.
39. Admitted. Debtors' reason for requesting the stay to continue is to protect the $1 million in the Trust bank account. Debtor is professionally incapable of representing himself Pro Se in New Jersey because there are four experienced firms representing the interests of Creditors. Debtor Pro Se in New Jersey isn't physically capable any longer of continuous travel. Debtor is begging this court to continue the stay and approve New Jersey Attorney Joshua Denbeaux to immediately protect Debtor's Chapter 11 estate and rightful creditors before $ 1 million of cash rightfully belonging to Debtor's Chapter 11 estate is distributed to Creditors'.
40. Denied. Debtors' reason for requesting the stay to continue is to protect the $1 million in the Trust bank account. Debtor is professionally incapable of representing himself Pro Se in New Jersey because there are four experienced firms representing the interests of Creditors. Debtor Pro Se in New Jersey isn't physically capable any longer of continuous travel. Debtor is begging this court to continue the stay and approve New Jersey Attorney Joshua Denbeaux to immediately protect Debtor's Chapter 11 estate and rightful creditors before $ 1 million of cash rightfully belonging to Debtor's Chapter 11 estate is distributed to Creditors'.
41. Admitted. Debtors' reason for requesting the stay to continue is to protect the $1 million in the Trust bank account. Debtor is professionally incapable of representing himself Pro Se in New Jersey because there are four experienced firms representing the interests of Creditors. Debtor Pro Se in New Jersey isn't physically capable any longer of continuous travel. Debtor is begging this court to continue the stay and approve New Jersey Attorney Joshua Denbeaux to immediately protect Debtor's Chapter 11 estate and rightful creditors before $ 1 million of cash rightfully belonging to Debtor's Chapter 11 estate is distributed to Creditors'.
42. Denied. Debtors' reason for requesting the stay to continue is to protect the $1 million in the Trust bank account. Debtor is professionally incapable of representing himself Pro Se in New Jersey because there are four experienced firms representing the interests of Creditors. Debtor Pro Se in New Jersey isn't physically capable any longer of continuous travel. Debtor is begging this court to continue the stay and approve New Jersey Attorney Joshua Denbeaux to immediately protect Debtor's Chapter 11 estate and rightful creditors before $ 1 million of cash rightfully belonging to Debtor's Chapter 11 estate is distributed to Creditors'.
43. Denied.
44. Denied.

**WHEREFORE**, Debtor prays the hearing for the Motion to Dismiss will be denied until the courts of New Jersey and Massachusetts rule. Further, Debtor begs Your Honor Judge Killian to continue the Federal Bankruptcy Stay until at the very least, Debtor has time to allow New Jersey Attorney Joshua Denbeaux to be admitted to the Trust case and have reasonable time for the presiding New Jersey judge to rule accordingly.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing ANSWERS TO MOTION TO DISMISS has been served by U.S. mail, postage prepaid on the Creditor, the United States Trustee, and all parties in interest pursuant to Bankruptcy Rule 1007(d) this 13th Day of April, 2011.

Respectfully,

*[signature]*

ROBERT C. WALLERIUS
Pro se debtor

3084 McCord Boulevard
Tallahassee, FL 32303-1715
Phone: 850.692.3744
Fax: 850.692.3740
eMail: robertwallerius@prodigy.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2011, I filed this Application with the Clerk of the Court and further, will furnish a copy to Chad Heckman, Esquire and Jason Egan, Esquire, Office of the United States Trustee, 110 East Park Avenue – Suite 128, Tallahassee FL 32301.

*[signature]*

ROBERT C. WALLERIUS
DEBTOR PRO SE
robertwallerius@prodigy.net
850.692.3744 Phone
850.692.3740 Fax

5